IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01710-PAB

GILBERT AGUIRRE,

    Applicant,

v.

KEVIN MILYARD, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

_____

ORDER

_____

PHILIP A. BRIMMER, District Judge.

    This matter is before the Court on Petitioner Gilbert Aguirre's pro se Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] ("the

Petition"). Respondents filed an Answer [Docket No. 10] to the Petition, and Petitioner

filed a Traverse [Docket No. 11]. After reviewing the record, including the Petition, the

Answer, the Traverse, and the state court record, the Court concludes that the Petition

should be denied and the case dismissed with prejudice.

I.    **Background**

    Petitioner is challenging the validity of his convictions following a jury trial in case

number 04CR475 in the District Court for Weld County, Colorado ("the trial court"). The

factual basis for the charges and convictions was accurately summarized by the

Colorado Court of Appeals as follows:

    [L]ate one evening [Petitioner] went to the home occupied by his

estranged girlfriend, Melissa Carrillo, suspecting that she was there with another man, Adam Rodriguez. When he arrived at the house, defendant forced his way through the front door and confronted Carrillo. When she pulled a small gun from the pocket of her robe, defendant took the gun from her and shot her in the arm. Carrillo then fled to a neighbor's house. Defendant remained in the house and walked down the hall toward the bathroom where he found Rodriguez crouched on the floor, and proceeded to fire two shots at Rodriguez, hitting him in the back of the neck and in the side of the chest.

*People v. Aguirre*, No. 06CA1104 (Colo. Ct. App. March 13, 2008) (unpublished), Answer Ex. D at 1.

On March 10, 2006, Petitioner was convicted of attempted second degree murder (acting under a sudden heat of passion) and first degree assault (acting under a sudden heat of passion) with respect to victim Rodriguez, second degree assault (acting under a sudden heat of passion) with respect to victim Carillo, and first degree burglary involving use of a deadly weapon, predicated on the felonies of assault and menacing. State Court R. File, pp. 278-288. The trial court imposed a sixteen year sentence for the attempted second degree murder conviction and a consecutive twenty year sentence for the first degree burglary conviction. *Id.* at 311. The Colorado Court of Appeals affirmed Petitioner's convictions and sentences on direct appeal. *People v. Aguirre*, No. 06CA1104 (Colo. Ct. App. March 13, 2008) (unpublished), Answer Ex. D. On August 4, 2008, the Colorado Supreme Court denied Petitioner's request for certiorari review. Answer Exs. E, F.

Petitioner raises the following three claims for relief in the Petition:

1. The trial court violated his Fifth, Sixth and Fourteenth Amendments rights to a

fair trial and to an impartial jury when the court gave a supplemental instruction that coerced the jury into returning a guilty verdict.

2. The trial court violated his Sixth and Fourteenth Amendment rights in various rulings the court made during the testimony of witness Manuel Moreno and in admitting Moreno's prior police statement into evidence.

3. The trial court's imposition of consecutive sentences violated the constitutional prohibition against double jeopardy.

During the initial review of this action, Magistrate Judge Boyd N. Boland ordered the Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a Pre-Answer Response on July 28, 2010, conceding that the Petition was timely under 28 U.S.C. § 2244(d) and that Petitioner had exhausted his claims in the Colorado Court of Appeals as matters of federal constitutional law. The Court agrees and will therefore address Petitioner's claims on the merits.

## II.     Standard of Review

The Court must construe the Petition and other papers filed by Petitioner liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be

3

issued with respect to any claim that was adjudicated on the merits in state court unless

the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Petitioner seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Furthermore, clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case sub judice. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context. *House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id.* at 1018. If a clearly established rule of federal law is implicated, the Court must determine whether

the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

A state court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent."  *Maynard v. Boone*, 468 F.3d 665, 669 (10th Cir. 2006) (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405).  "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).

A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts.  *Id.* at 407-08.  Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.  *House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n. 4 (10th Cir. 2002). Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to that court. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Petitioner bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, the Court "owe[s] deference to the state court's result, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [the Court's] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal

law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

## III. Merits of Petitioner's Claims

### A. Claim One

Petitioner first claims that the trial court deprived him of his constitutional rights to a fair trial and to an impartial jury when the court gave a supplemental instruction that coerced the jury into returning a guilty verdict. Petition at 5-A through 5-C.

The state trial court record reflects that the jury asked two questions on the first day of deliberations, which are not germane to the issues presented in the Petition. State Court R., Trial Tr. vol. IV, at 97-106. On the second day of deliberations, the trial court informed counsel that the jury had asked two more questions, specifically:

> Question No. 3: "[T]he jury is currently in dispute over one of the charges. The vote is not unanimous. What is the procedure for this? We have spent a significant amount of time on this charge. Signed by the foreperson.

> Question 4: "[I]f we cannot agree on one charge, will the rest of the charges still apply? Signed by the foreperson.

State Court R., Trial Tr. vol. V, at 2. The court proposed the following course of action to the attorneys:

> What I intend to do, counsel, is bring the jury into the courtroom and inquire whether or not further deliberations will be fruitful on the count that they cannot agree upon, and I will inform them that if they have reached unanimous verdicts on some but not all of the counts, the counts that they have reached a unanimous decision on will be . . . entered by the Court upon a unanimous finding of the jury.

7

*Id.* at 2-3.  Defense counsel did not object to that procedure.  *Id.* at 3.

The trial court further proposed:

> Now, if they say that further deliberations may prove beneficial in this case, what I will read to them is the following instruction: Ladies and gentlemen, you should consult with one another and deliberate with a view of reaching an agreement if it can be done without violence to individual judgment. Each juror must decide the case for himself or herself, but only after impartial consideration with fellow jurors. In the course of deliberations, a juror should not hesitate to examine his or her own views and change an opinion if convinced it is erroneous, but no juror should surrender an honest conviction as to the weight and effect of the acts solely because of the opinion of fellow jurors or for the mere purpose of returning a verdict. If a unanimous verdict cannot be reached on a particular count of the information, then you will be excused and a mistrial will be declared on the counts that you have not unanimously agreed upon. If you have reached a unanimous verdict on some, but not all of the counts, your unanimous verdicts that have been reached on that count or counts shall be entered by the Court.

*Id.* at 3-4.

When the jury was brought in to the courtroom, the foreperson indicated that continued deliberations and discussion could potentially be fruitful, and the court read the agreed-upon instruction.  *Id.* at 7-8; State Court R., Pleadings File, at 276. Petitioner did not object to the supplemental instruction.  State Court R.*,* Trial. Tr. vol. V, at 4, 9.

The jury returned its verdicts three hours and fifteen minutes after receiving the trial court's supplemental instruction. *Id.*, at 10.  The jury found Petitioner not guilty of criminal attempt to commit murder in the first degree or the lesser-included offenses of attempted second degree murder and attempted manslaughter. State Court R., Pleadings File, at 278.

The Colorado Court of Appeals resolved Petitioner's claim as follows:

Contrary to defendant's argument, the trial court's supplemental instruction was not coercive.  First, the court only gave the instruction after it learned that additional deliberations might be productive.  Second, the instruction, as given, tracked the language of the pattern jury instruction, see CJI-Crim. 38:14, and informed the jury they should not compromise their individual opinions for the sake of a unanimous verdict.  Thus, we conclude that the instruction was not coercive.  *See* [*People v.* ] *Ragland*, 747 P.2d [4,] 6 [(Colo. App. 1987)] (using modified-*Allen* instruction was not coercive).  Accordingly, we perceive no error in the court's supplemental instruction.

We likewise reject defendant's contention that the instruction was coercive because it informed the jury that the court would declare a mistrial if the jury was unable to reach a unanimous verdict on one or more counts.  Such information was a correct statement of the law, and did not pressure the jury to reach a decision.  *See* [*People v.*] *Raglin*, 21 P.3d [419,] 423 [(Colo. App. 2000)] (supplemental instruction should inform the jury that if it appears to the court that a unanimous decision cannot be reached, they will be excused and a mistrial will be declared).

Moreover, the jury ultimately convicted defendant of lesser included offenses for two of the counts and acquitted him of one count completely.  In addition, because the jury did not specify which count they had difficulty agreeing on, there is no evidence that the supplemental instruction undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction.

*People v. Aguirre*, No. 06CA1104 (Colo. Ct. App. March 13, 2008) (unpublished),

Answer Ex. D at 5-6 .

It was clearly established at the time Petitioner was convicted that a criminal

defendant "being tried by a jury is entitled to the uncoerced verdict of that body."

*Lowenfield v. Phelps*, 484 U.S. 231, 241 (1988).  The so-called *Allen* instruction, which

is derived from a supplementary jury instruction approved by the Supreme Court in

*Allen v. United States,* 164 U.S. 492 (1896), encourages a divided jury to agree on a

verdict so as to avoid a mistrial.  *See Gilbert v. Mullin*, 302 F.3d 1166, 1173 (10th Cir.

2002).  Nonetheless, an *Allen* charge may violate a defendant's right to due process

and Sixth Amendment rights to an impartial jury trial and to a unanimous verdict if it

imposes such pressure on the jury such that the accuracy and integrity of their verdict

becomes uncertain.  *See U.S. v. McElhiney*, 275 F.3d 928, 937 n.4, 940 (10th Cir.

2001) (citation omitted).

To determine whether a supplemental instruction is coercive, the Supreme Court

has held that a federal appellate court should review the charge "in its context and

under all the circumstances."  *Lowenfield*, 484 U.S. at 237 (internal quotation marks

omitted).  The Tenth Circuit considers the following factors in applying the *Lowenfield*

test: "(1) the language of the instruction, (2) whether the instruction is presented with

other instructions, (3) the timing of the instruction, and (4) the length of the jury's

subsequent deliberations."  *United States v. Arney*, 248 F.3d 984, 988 (10th Cir. 2001).

The Court finds that the state appellate court's determination that the

supplemental instruction was not coercive was a reasonable application of *Lowenfield*.

The state trial court told the jurors expressly that they had the right to continue to

disagree.  The instruction did not state that the jury must reach a unanimous verdict or

that a hung jury was unacceptable.  The jurors were also advised explicitly that they

would be discharged with or without a unanimous verdict.  The instruction merely asked

the jury to continue deliberating and did not impose any time restrictions on the

deliberations.  In short, nothing in the language of the supplemental instruction itself

can be deemed coercive.  Moreover, the trial court's explanation to the jury of the

consequences of not reaching a unanimous verdict does not render the instruction

coercive.  *See Lowenfield*, 484 U.S. at 234-235; *see also U.S. v. Reed*, 61 F.3d 803,

805 and n.5 (10th Cir. 1995) (upholding *Allen* instruction that told jurors their failure to

agree on a verdict could result in the need to try the case again which would increase

the cost to both sides).

Further, the jury deliberated for a little over three hours after receiving the

supplemental instruction before returning a verdict.  Although there may be a

suggestion of coercion when a jury returns its verdict soon after receiving the

supplemental instruction, *see Lowenfield*, 484 U.S. at 240, the length of subsequent

deliberations in this case weighs against a finding of coercion.  *See*, *e.g.*, *Arney*, 248

F.3d at 990 (finding no coerciveness when the jury deliberated "one hour after receiving

the Allen instruction"); *Reed,* 61 F.3d at 805 (one hour)*; Gilbert v. Mullin,* 302 F.3d

1166, 1175 (10th Cir. 2002) (ninety minutes)*.*  Further, the jury indicated it was not

deadlocked at the time it received the supplemental instruction and indeed returned a

verdict of not guilty as to one count.  *See*, *e.g.*, *Darks* v. *Mullin*, 327 F.3d 1001, 1016

(10th Cir. 2003) (supplemental instruction was not coercive even though jury returned

verdict twenty minutes after receiving instruction, where instruction contained no

coercive language, jury was not deadlocked, and defense counsel did not object to

instruction).

The totality of the circumstances support the Colorado Court of Appeals'

determination that the supplemental instruction given by the trial court was not coercive

and therefore did not deny Petitioner the constitutional rights to a fair trial and to an

impartial jury.  Petitioner is not entitled to habeas relief on his first claim.

**B.      Claim Two**

Petitioner's second claim challenges various evidentiary rulings by the trial court

in connection with the testimony of prosecution witness Manuel Moreno as a violation of

his due process right to a fair trial and his Sixth Amendment confrontation rights.

Petition at 6-A through 6-D.  Specifically, Petitioner contends that the trial court erred in:

(1) allowing Moreno to testify about his perception that Carillo was in danger after the

parties had agreed prior to trial not to allow that highly prejudicial evidence; (2)

admitting Moreno's videotaped police interview as a prior inconsistent statement after

Moreno had been released from his subpoena; and, (3) acting as an advocate for the

prosecution by sua sponte declaring Moreno a hostile witness and allowing the

prosecution to ask leading questions.

### 1.      *Testimony about Carillo's Safety*

Petitioner first challenges the trial court's ruling that Moreno could answer a

leading question from the prosecutor explaining why he lied to Petitioner about Carillo's

whereabouts at the time of the shooting.  The evidence at trial was that Moreno, who

was Petitioner's friend, accompanied Petitioner to Carillo's house on the night of the

incident and stayed outside, while Petitioner entered the house.  State Court R., Trial

12

Tr. vol. II, at 28-34. Moreno heard a loud noise and saw Carrillo come out of the house and go to the neighbor's house. *Id.* at 34-36. Carillo testified that she struggled with an unknown intruder inside the house while she was holding a revolver, that the gun went off and shot her in the arm, and she then ran out of the house. *Id.*, vol. III, at 33-37, 46. When Petitioner subsequently came out of the house and asked Moreno which way Carrillo had gone, Moreno intentionally misdirected him. *Id.*, vol. II, at 39, 42.

Before trial, the parties agreed that Moreno would not testify about a statement he made to the police that he thought he saved Carrillo's life by lying to Petitioner about her whereabouts. However, at trial, and over the Petitioner's objection, the trial court allowed the prosecution to ask Moreno the following question:

> PROSECUTOR: Mr. Moreno, isn't it true that you told the defendant that Michelle went to the left when she actually went to the right because you were concerned for her safety? Yes or no?
>
> MORENO: Yeah, I guess.

State Court R., Trial Tr. vol. II, at 42.

The Colorado Court of Appeals addressed the merits of Petitioner's claim as a state law evidentiary issue under Colorado Rules of Evidence 401 and 403, rather than a federal due process issue. *People v. Aguirre*, No. 06CA1104 (Colo. Ct. App. March 13, 2008) (unpublished), Answer Ex. D at 9-10. The state appellate court's determination that the trial court properly admitted Moreno's testimony under Colorado law is not subject to challenge in this federal habeas corpus proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68(1991) ("[I]t is not the province of a federal habeas court to

13

reexamine state-court determinations on state-law questions"); *see also Fox v. Ward*,

200 F.3d 1286, 1296 (10th Cir. 2000) ("On habeas review, we will not disturb the state

court's evidentiary rulings unless the appellant demonstrates that the court's error was

so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness

that is the essence of due process.") (internal quotation marks omitted).

Even if the trial court erred in allowing Moreno to testify about his perceptions,

Petitioner is not entitled to federal habeas relief unless the evidence was so grossly

prejudicial that it fatally infected the trial and deprived him of due process. *See Fox*,

200 F.3d at 1296; *see also Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (if a

constitutional error is committed at trial, habeas relief is not warranted unless the error

had a substantial and injurious effect in determining the jury's verdict).

Petitioner was convicted of second degree assault (acting under a sudden heat

of passion) with regard to victim Carillo.  Victim Rodriguez testified that Petitioner forced

Carillo's front door open, entered the house and engaged in a brief heated argument

with Carillo during which a gun was fired.  State Court R., Trial Tr. vol. III, at 76-80.

Rodriguez' testimony, together with Carillo's testimony discussed above, supported the

jury's verdict that Petitioner committed second degree assault against Carillo,

regardless of Moreno's objectionable testimony.  Thus, the admission of Moreno's

testimony did not render Petitioner's trial constitutionally unfair under the Due Process

Clause. Accordingly, the Court finds and concludes that the state appellate court's

ruling was not contrary to or an unreasonable application of federal due process law.

The Court therefore finds that Petitioner is not entitled to habeas relief on his claim.

### 2.    *Impeachment with Prior Inconsistent Videotaped Statement*

Petitioner next claims that the trial court violated his Sixth Amendment

confrontation rights when the court admitted Moreno's police statement into evidence

after Moreno was excused and released from his subpoena.

At trial, the prosecution repeatedly confronted Mr. Moreno with inconsistencies

between his trial testimony and his police interview and gave him an opportunity to

explain them.  *See generally* State Trial R., Trial Tr. vol. II, at 29-50.  After Moreno was

excused, his prior videotaped police statement was admitted through the testimony of a

police detective.  *Id.,* vol. III, at 143-144, 173-74.  The state appellate court found that

the trial court's admission of Moreno's videotaped statement as a prior inconsistent

statement was proper under Colorado statute.  *People v. Aguirre*, No. 06CA1104 (Colo.

Ct. App. March 13, 2008) (unpublished), Answer Ex. D at 11.  Again, that state court

ruling is not subject to review in this federal habeas proceeding.  *Estelle*, 502 U.S. at

67-68.

The Colorado Court of Appeals concluded that the admission of Moreno's

videotaped police interview also did not violate Petitioner's Sixth Amendment

confrontation rights because Petitioner "was given an opportunity to cross examine

Moreno and ask him about his statements to the police.  Thus, despite the fact that

Moreno was excused prior to the introduction of the videotape, the procedures

15

employed did not violate the defendant's confrontation rights." *People v. Aguirre*, No. 06CA1104 (Colo. Ct. App. March 13, 2008) (unpublished), Answer Ex. D at 12.

Under *Crawford v. Washington*, 541 U.S. 36 (2004), the trial court's admission of an unavailable witness's testimonial statements against a defendant at trial violates the defendant's Sixth Amendment confrontation rights when the defendant has no opportunity to cross examine the witness. However, *Crawford* did not change the rule that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements*." Crawford*, 541 U.S. at 59 n. 9 (quoting *California v. Green,* 399 U.S. 149, 162 (1970)*).*

The Colorado Court of Appeals' determination was consistent with *Crawford* and *Green* because Mr. Moreno testified at trial and Petitioner had the opportunity to cross-examine Moreno about his police statements before Moreno was excused. Petitioner's Sixth Amendment confrontation claim is therefore without merit and will be dismissed.

### 3.    *The trial court was biased against the Petitioner*

Petitioner further claims that the trial court acted as an advocate for the prosecution when the court declared prosecution witness Moreno a hostile witness and allowed the prosecution to ask leading questions and when the trial court allowed the prosecution to introduce Mr. Moreno's videotaped police interview. The state appellate court perceived no bias from the trial court's actions: "Indeed, the court specifically permitted the leading questions to prevent Moreno from offering otherwise inadmissible testimony damaging to the defendant. Such a decision was within its discretion and did

16

not undermine the fundamental fairness of the trial." *People v. Aguirre*, No. 06CA1104 (Colo. Ct. App. March 13, 2008) (unpublished), Answer Ex. D at 14.

The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Petitioner did not present any other facts or evidence to the state courts to support his claim of judicial bias. Accordingly, the Court finds that the Colorado Court of Appeals' determination of Petitioner's claim was not contrary to or an unreasonable application of clearly established federal law. Petitioner's claim is therefore without merit and will be dismissed.

**C.    Claim Three**

Petitioner asserts in his third claim that the consecutive sentences imposed for his convictions for attempted second degree murder and first degree burglary violate Colorado law because the charges were supported by identical evidence. Petitioner further claims that the consecutive sentences violate Double Jeopardy because first degree assault is a lesser included offense of first degree burglary and the same facts establish his convictions for both attempted second degree murder and first degree assault. Petition at 6E-6F.

**1.    *State law challenge to consecutive sentencing***

Petitioner's challenge to the trial court's imposition of consecutive sentences as a violation of state law is not cognizable in this federal habeas proceeding. *See* 28

U.S.C. § 2254 (district court shall entertain application of a writ of habeas corpus only if the petitioner is in custody in violation of the Constitution or laws treaties of the United States); *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) ("A habeas petitioner is only entitled to relief . . . for alleged violations of federal rights, not for errors of state law." ) (citing *Estelle*, 502 U.S. at 67).  Moreover, the imposition of consecutive sentences does not implicate the Eighth Amendment.  *See also Hawkins v. Hargett*, 200 F.3d 1279, 1285 n.5 (10th Cir. 1999) (noting that state trial court's imposition of consecutive sentencing does not offend Eighth Amendment which focuses on sentence imposed for each crime, not on an offender's cumulative sentence for multiple crimes).

The Court "affords wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000).  Petitioner has never argued that his individual sentences are outside the limits authorized by Colorado criminal statutes.  Accordingly, the Court limits its constitutional analysis to Petitioner's claim that his consecutive sentences violate the Double Jeopardy Clause of the Fifth Amendment.

### 2. *Double Jeopardy Claim*

Petitioner asserts that his consecutive sentences violate Double Jeopardy because first degree assault is a lesser included offense of first degree burglary and the same facts establish his convictions for both attempted second degree murder and first

18

degree assault.  The Colorado Court of Appeals determined the following as to the

Double Jeopardy claim:

> The jury's burglary verdict specifically rejected the assertion that
> defendant entered the building with the intent to commit second degree
> murder.  Thus, because the attempted murder conviction could not serve
> as the predicate for the burglary conviction, the former was not a lesser
> included offense of the latter.  Accordingly, the court was not required to
> merge the two convictions. . . .

*People v. Aguirre*, No. 06CA1104 (Colo. Ct. App. March 13, 2008) (unpublished),

Answer Ex. D at 18.

The Double Jeopardy Clauses of the United States Constitution generally

prohibits multiple punishments for greater and lesser included offenses.  U.S. Const.

amend. V.  However, if each offense for which the defendant is tried or punished

contains a separate element not present in the other, double jeopardy does not bar

prosecution of both charges.  *Blockburger v. United States*, 284 U.S. 299, 304 (1932);

*Brown v. Ohio*, 432 U.S. 161, 168 (1977) (stating that a "lesser included offense . . .

requires no proof beyond that which is required for conviction of the greater" and that

"[t]he greater offense is therefore by definition the 'same' for purposes of double

jeopardy as any lesser offense included in it").

Petitioner's argument relies on the evidence presented at trial and fails to

account for *Blockburger's* strict elements test.  Petitioner's conviction for attempted

second degree murder is not a lesser included offense of first degree burglary simply

because the evidence supporting the attempted murder conviction also supported the

first degree assault conviction.  The jury found that assault or menacing was the

19

predicate offense for first degree burglary.  State Court R., Pleadings File, at 286-88.

When assault is the predicate offense for first degree burglary, the elements of first

degree burglary necessarily include all the elements of assault and assault is a lesser

included offense of first degree burglary.  *See Litwinsky v. Zavaras*, 132 F. Supp. 2d

1316 (D. Colo. 2001).  In this case, the jury found that attempted second degree murder

was not a predicate offense for the first degree burglary conviction.  State Court R.,

Pleadings File, at 287.  As such, the elements of attempted second degree murder are

not necessarily included in the elements of first degree burglary.  Under *Blockburger*,

Petitioner's convictions and consecutive sentences do not violate Double Jeopardy

because the elements of the offenses differ.  Accordingly, the Court finds that the

Colorado Court of Appeals' decision comported with clearly established federal law.

Petitioner's third claim is without merit and will be dismissed.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 [Docket No. 1] is denied and this case is dismissed with prejudice.  It is

FURTHER ORDERED that there is no basis on which to issue a certificate of

appealability pursuant to 28 U.S.C. § 2253(c).

DATED at Denver, Colorado, this __1st__ day of __November__, 2010.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge


20